In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-00-01099-CV

____________


ALEX PAPKOV & AIDA MAMEDOVA, Appellants


V.


ZVI SCHIFFMAN, Appellee






On Appeal from the 11th District Court

Harris County, Texas

Trial Court Cause No. 1999-61201






O P I N I O N

 Appellants sued appellee for medical malpractice. Appellee moved to dismiss
the case because of appellants failure to follow the procedural rules. The trial court
granted appellee's motion to dismiss, and appellants appeal that ruling. We affirm.


Background


 Appellants, Alex Papkov and Aida Memedova (Papkov), filed a medical
malpractice suit against appellee, Dr. Schiffman (Schiffman), on December 14, 1999.
On June 7, 2000, Schiffman filed a motion to compel Papkov to file a cost bond
pursuant to procedural rules. On June 8, 2000, almost 180 days after suit was filed,
Papkov filed an "expert report" that did not comply with statutory requirements. See
Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(a)(3), (d)(1) & (r)(6) (Vernon Supp.
2002). On June 13, 2000, the docket sheet reflects that the trial court granted
Schifffman's motion for Papkov to file a cost bond in the amount of $2,500 within
30 days. The trial court signed the order granting the motion on July 7, and set a
deadline of July 27, 2000 for Papkov to file the $2,500 cost bond. Papkov filed an
amended expert's report on June 26, 2000, but did not file a curriculum vitae for the
expert as required by section 13.01(d)(1). See Tex. Rev. Civ. Stat. Ann. art. 4590i,
§ 13.01(d)(1). On August 10, 2000, Schiffman filed a motion to dismiss based on the
failures of Papkov to comply with the trial court's orders. The trial court granted
Schiffman's motion to dismiss on August 16, 2000, dismissing the case with
prejudice. On August 28, 2000, Papkov filed a cost bond and a motion to reinstate. 
The trial court denied the motion to reinstate on August 31, 2000. Papkov filed a
motion for reconsideration which the trial court denied on September 12, 2000.

 In four issues on appeal, Papkov argues that the trial court erred: (1) in
requiring Papkov to file a cost bond after he filed his expert report; (2) in dismissing
his suit because he had already filed an expert report; (3) by failing to reinstate
Papkov's suit because he had an excuse for not complying with the court's order; and
(4) in failing to grant Papkov's motion for reconsideration of his motion to reinstate
because Papkov had an excuse for not complying with the trial court's order. 

Standard of Review


 A trial court's dismissal of a medical malpractice claim for failing to comply
with the expert report provisions of Section 13.01 is subject to review under an abuse
of discretion standard. See Schorp v. Baptist Mem'l Health Sys., 5 S.W.3d 727, 731
(Tex. App.--San Antonio 1999, no pet.). A trial court abuses its discretion if it acts
without reference to any guiding rules or principles or, in other words, acts in an
arbitrary or unreasonable manner. See Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241 (Tex. 1985). In that regard, a trial court abuses its discretion if it
exercises a "vested power in a manner that is contrary to law or reason." Landon v.
Jean-Paul Budinger, Inc., 724 S.W.2d 931, 935 (Tex. App.--Austin 1987, no writ). 
Article 4590i


 In his first issue, Papkov argues that the trial court abused its discretion in
ordering him to file a cost bond after he filed an expert report. Papkov has
misconstrued the statute.

 Article 4590i requires that, within 90 days of filing a health care liability claim,
a claimant must:

(1) file a separate cost bond in the amount of $5,000 for
each physician or health provider named by the claimant in
the action; 


(2) place cash in an escrow account in the amount of
$5,000 for each physician or health care provider named in
the action; or 


(3) file an expert report for each physician or health care
provider with respect to whom a cost bond has not been
filed and cash in lieu of the bond has not been deposited
under provision (1) or (2) of this subsection. 


Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(a)(1)(2)(3) (Vernon Supp. 2002).

 The statute requires Papkov to either post a cost bond, place cash in an escrow
account, or file an expert report no later than the 90th day after the claim was filed. 
Id. at § 13.01(a). The statute defines "expert report" in section 13.01(r)(6). Appellant
filed suit on December 14, 1999, and therefore, had to meet one of these requirements
by March 13, 2000. There is no evidence in the record that Papkov satisfied any of
the statutory requirements by March 13, 2000. 

 Because Papkov did not comply with section 13.01(a), he must comply with
section (b). If the expert report, cost bond, or cash in lieu of bond has not been filed
or deposited within the period specified, the court shall, upon motion, enter an order
that:

(1) requires the filing of a $7,500 cost bond with respect to
the physician or health care provider not later than the 21st
day after the date of the order; and 


(2) provides that if the claimant fails to comply with the
order, the action shall be dismissed for want of prosecution
with respect to the physician or health care provider,
subject to reinstatement in accordance with the applicable
rules of civil procedure.


Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(b)(1)(2). 

 Schiffman filed a motion to compel Papkov to post a $7,500 cost bond in
accordance with section 13.01(b). The trial court granted this motion, but required
appellant to post a $2,500 cost bond by July 27, 2000. Here, the trial court acted
within its discretion in ordering Papkov to file a cost bond because he failed to file
the required expert report within the 90-day deadline. Id. at § 13.01(b)(1). 

 We overrule Papkov's first issue.

 In his second issue, Papkov argues that the trial court erred by dismissing his
suit when he had already filed his expert report.

 On August 10, 2000, Schiffman filed a motion to dismiss the case because
Papkov had repeatedly failed to comply with the trial court's orders. On August 10,
well beyond the July 13 and July 27 deadline, and well beyond 180 days after suit
was filed, Papkov had filed neither a $2,500 cost bond, nor a curriculum vitae for his
expert. The procedural provisions in 4590i make it explicitly clear that, if the
claimant has not filed the cost bond after missing the first 90-day deadline, the trial
court can dismiss the case. Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(b)(2). Not
only did the trial court reduce the amount of the cost bond to $2,500, it also gave
Papkov more than the 21 days provided for in the statute, yet Papkov still did not
comply with the filing requirements of the statute. We conclude that the trial court
acted within its discretion in dismissing Papkov's case. 

 Section 13.01(d) provides that:

(d) Not later than the later of the 180th day after the date
on which a health care liability claim is filed . . . the
claimant shall, for each physician or health care provider
against whom a claim is asserted:


(1) furnish to counsel for each physician or
health care provider one or more expert
reports, with a curriculum vitae of each expert
listed in the report

 . . . 


(e) If a claimant has failed, for any defendant physician or
health care provider, to comply with Subsection (d) . . .
within the time required, the court shall . . . enter an order
awarding as sanctions against the claimant


. . .


(3) the dismissal of the action of the claimant
against the defendant with prejudice to the
claim's refiling. 


Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(d)(1) & (e)(3). 

 The 180-day deadline to file the expert report with curriculum vitae expired on
or around June 14, 2000. At that time, Papkov had filed an inadequate expert report. 
See Schorp, 5 S.W.3d at 732. Although Papkov filed an amended expert report on
June 26, 2000, there is no evidence in the record that the curriculum vitae was filed. 
Accordingly, the trial court did not abuse its discretion in dismissing Papkov's case
with prejudice in accordance with section 13.01(e)(3). 

 We overrule Papkov's second issue.

 In his third issue, Papkov argues that the trial court erred in denying his motion
to reinstate because his timely failure to comply was not intentional or the result of
conscious indifference. Specifically, Papkov contends that section 13.01(g) provides
an exception to dismissing his case if he can show that the failure to follow the
procedural rules was the result of accident or mistake. (1) 

 Papkov has misconstrued section 13.01(g). This section provides an extension
of time to comply with the deadline in section (d), if the claimant can show that his
failure to comply was the result of an accident or mistake. Tex. Rev. Civ. Stat.
Ann. art. 4590i, § 13.01(g). Regardless of Papkov's interpretation, he did not meet
the prerequisites of section 13.01(g). 

 Section 13.01(g) states that "the court shall grant a grace period of 30 days to
permit the claimant to comply with that [section (d)]. A motion by a claimant for
relief under this subsection shall be considered timely if it is filed before any hearing
on a motion by a defendant under Subsection (e) of this section." Id. (emphasis
added).

 Papkov's motion to reinstate was not filed before the trial court heard
Schiffman's motion to dismiss. The trial court signed the motion to dismiss on
August 16, 2000. Papkov filed his motion to reinstate on August 28, 2000. Thus,
Papkov was not entitled to any extension provided for in section 13.01(g), and the
trial court did not abuse its discretion in denying his motion to reinstate. 

 We overrule Papkov's third issue.

 In his fourth issue, Papkov argues that the trial court erred in denying his
motion to reconsider his motion to reinstate. Papkov makes the same argument here
as he made in issue three. Because we have ruled that the trial court did not abuse its
discretion in issue three, we reach the same result here. 

 We overrule Papkov's fourth issue. 

Conclusion


 We affirm the judgment of the trial court. 

 

 Adele Hedges

 Justice


Panel consists of Justices Mirabal, Hedges, and Jennings.

Do not publish. Tex. R. App. P. 47.
1. Papkov asserts that he misconstrued section 13.019(I) [sic] of article 4590i.